**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANA K. WILLIAMS, | No. 15-15188 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01135-LJO-SKO |
| v. | |
| MADERA SUPERIOR COURT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted November 16, 2016[**]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Lana K. Williams appeals pro se from the district court's judgment

dismissing her action alleging claims arising from state court probate proceedings.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm.

The district court properly dismissed for lack of jurisdiction Williams' claims regarding the state probate proceedings because, under the probate exception, federal courts lack jurisdiction over probate matters.  *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Williams' state law malpractice and fraud claims because Williams failed to state a federal claim.  *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review; "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

**AFFIRMED.**

15-15188